IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang

Civil Action No. 25-cv-01139-NYW

ANDRANIK AMIRYAN, aka ANDRANIK GHAZARYAN,

    Applicant,

v.

PAM BONDI, Attorney General,
KRISTI NOEM, Secretary of Homeland Security,
KELEI WALKER, U.S. Ice Field Director for the Denver Contract Detention Facility, and
WARDEN OF DENVER CONTRACT DETENTION FACILITY,

    Respondents.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Application") [Doc. 1], filed pro se[1] by Applicant on April 10, 2025, and the most recent Response [Doc. 22], filed by Respondents on June 5, 2025. For the following reasons, the Application is respectfully **DENIED as moot**.

### BACKGROUND

Applicant Andranik Amiryan ("Applicant") is a native and citizen of Armenia. [Doc. 18-1 at ¶ 4]. He initiated this action while detained by United States Immigration and Customs Enforcement ("ICE") at an immigration detention facility in Aurora, Colorado.

---

[1] Because Applicant proceeds pro se, the Court liberally construes his filings. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (per curiam). But the Court cannot and does not act as his advocate, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), and applies the same procedural rules and substantive law to Applicant as to a represented party, *see Murray v. City of Tahlequah*, 312 F.3d 1196, 1199 n.3 (10th Cir. 2002); *Dodson v. Bd. of Cnty. Comm'rs*, 878 F. Supp. 2d 1227, 1236 (D. Colo. 2012).

[Doc. 1 at 6 ¶ 1]. Applicant alleges that he was ordered removed from the United States on September 25, 2024, and he claims his ongoing detention is unconstitutional. [*Id.* at 9 ¶ 19; *id.* at 9–12]. Applicant seeks an order requiring his immediate release and directing Respondents to "refrain from transferring [him] out of the jurisdiction of the ICE Denver Contract Facility Director during the pendency of these proceedings." [*Id.* at 3].

On April 14, 2025, Respondents were ordered to show cause why the Application should not be granted. [Doc. 3]. On May 14, 2025, Respondents filed a Response to Order to Show Cause [Doc. 18] addressing the merits of Applicant's claim challenging his detention. Respondents indicated in that filing that Applicant would soon be removed from the United States. [*Id.* at 6, 12–13].

On May 29, 2025, Applicant filed an "Emergency Motion to Stay Pending Resolution of Writ of Habeas Corpus" ("Emergency Motion to Stay") [Doc. 20], requesting the Court issue a stay of Applicant's removal pending resolution of his Application. In response, Respondents asserted that Applicant was removed from the United States to Armenia on May 30, 2025, and no longer is in ICE custody. [Doc. 22 at 4; Doc. 22-1 at ¶¶ 10–12]. Respondents contend that Applicant's Application and Emergency Motion to Stay are moot. [Doc. 22 at 4–7]. Respondents further state that prior to the filing of Applicant's Emergency Motion to Stay, Applicant was "already scheduled to be removed on May 30, 2025, to his country of origin . . ., consistent with the order of removal that was issued to [Applicant] by an immigration judge, and that became final on September 25, 2024." [*Id.* at 1]. Respondents support these assertions with a sworn Declaration of Mark Kinsey, a Deportation Officer assigned to Applicant's case. *See* [Doc. 22-1].

## ANALYSIS

"Mootness is a threshold issue because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction." *McClendon v. City of Albuquerque*, 100 F.3d 863, 867 (10th Cir. 1996). "In deciding whether a case is moot, the crucial question is whether granting a present determination of the issues offered will have some effect in the real world. When it becomes impossible for a court to grant effective relief, a live controversy ceases to exist, and the case becomes moot." *Ind v. Colo. Dep't of Corr.*, 801 F.3d 1209, 1213 (10th Cir. 2015) (quotation omitted). At all stages of the case, the parties must have a "personal stake in the outcome of the lawsuit." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (quotation omitted). Federal courts have no authority to give an opinion upon a question that is moot due to events that occur during the pendency of the action. *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992).

When a habeas petitioner has been released from custody, the petition must be dismissed as moot unless one of the following exceptions to the mootness doctrine applies: "(1) secondary or 'collateral' injuries survive after resolution of the primary injury; (2) the issue is deemed a wrong capable of repetition yet evading review; (3) the defendant voluntarily ceases an allegedly illegal practice but is free to resume it at any time; or (4) it is a properly certified class action suit." *Riley v. INS*, 310 F.3d 1253, 1257 (10th Cir. 2002) (quotation omitted).

The record before the Court indicates Applicant was removed from the United States and is no longer in the custody of United States immigration officials. Applicant

makes no argument in his Application or Emergency Motion to Stay that demonstrates that this case would remain a live controversy after his release and removal.  In the Application, Applicant challenged his allegedly prolonged detention and requested release from ICE custody.  [Doc. 1 at 11–12].  He has now been released by virtue of his removal to Armenia.  [Doc. 22-1 at ¶¶ 10–12].  In the Emergency Motion to Stay, Applicant contends that a stay of his removal would allow the Court to "preserve its jurisdiction and prevent irreparable harm pending resolution" of his Application, arguing that removal to Armenia would cause "profound and irreparable harm[]."  [Doc. 20 at 3-4].  But as Respondents point out in their Response to the Emergency Motion to Stay, Applicant has "already challenged his removal to Armenia during his removal proceedings and then before the Tenth Circuit.  [He] cannot raise those challenges in this proceeding, which simply challenged his detention awaiting execution of his final removal order."  [Doc. 22 at 6]; *see also Amiryan v. Bondi*, No. 24-9564, slip op. (10th Cir. Feb. 18, 2025), Dkt. No. 24 (denying stay of removal pending Applicant's challenge to removal order); *id.*, slip op. (10th Cir. Aug. 1, 2025), Dkt. No. 33-1 (denying Applicant's challenge to his removal order on the merits).  The Court agrees and finds no indication in the record that any of the *Riley* exceptions apply.  As a result, Applicant's claims challenging the lawfulness of his detention are moot.  The Court respectfully concludes that this action must be **DISMISSED without prejudice** for lack of subject matter jurisdiction.  *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216 (10th Cir. 2006) ("[W]here the district court dismisses an action for lack of jurisdiction, . . . the dismissal must be without prejudice.").

## CONCLUSION

Accordingly, it is **ORDERED** that:

(1) The Emergency Motion to Stay Pending Resolution of Writ of Habeas Corpus [Doc. 20] is **DENIED as moot**;

(2) Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 1] is **DENIED as moot,** and this action is **DISMISSED without prejudice** for lack of subject matter jurisdiction; and

(3) The Clerk of Court is **DIRECTED** to terminate this case.

DATED: October 6, 2025         BY THE COURT:

_____
Nina Y. Wang
United States District Judge